BOARD OF EQUALIZATION et al.

v.

OWENS.

Court of Appeals of Kentucky.

Feb. 5, 1954.

Charles G. Cole, Jr., Kenneth H. Tuggle, Barbourville, for appellants.

Sampson B. Knuckles, Barbourville, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment of the Knox Circuit Court affirming a judgment of the Knox Quarterly Court, holding that the notices given Mrs. Georgia B. Owens by the Board of Equalization of the City of Barbourville of a $500 increase in the assessed value of her real estate did not constitute legal notice. In urging reversal of that judgment the city relies upon a notice served upon Mrs. Owens on December 20, 1951, to meet with the Board of Equalization at 7:00 p. m. on December 26, 1951, concerning the proposed increase in the assessment of her real estate; and also a notice printed in the Barbourville Advocate, on January 4, 1952. This newspaper notice set forth that the tax supervisors would meet on January 12, 1952, from 9:00 a. m. to 3:00 p. m. The notice set forth further that:

"This is being done to give some people a chance to meet with the Board that can not meet at night. It is important that people in the city take advantage of this special meeting date, in that this will probably be the last day meeting."

Subsections (1) and (3) of KRS 92.510, dealing with the equalization of assessments in cities of the fourth class, follow:

"(1) The supervisors of taxes in each city of the fourth class shall meet in the office of the assessor on the Thursday following the second Monday in May each year, and may adjourn from day to day until their work is completed, not exceeding two weeks. Ten days' notice of the place of meeting shall be given by printed notice, and no assessment shall be increased unless the taxpayer, if he lives in the city, has been cited to appear before the supervisors. The assessor shall meet with the supervisors."

"(3) Failure or informality in the election of supervisors of taxes, or in their meetings or proceedings, shall not affect the validity of any tax."

Section 6 of the Stipulation agreed to by the parties follows:

"The defendants appealed from the judgment of the Knox Quarterly Court within the time provided by law, and this case is now submitted on this stipulation (not on the merits), but on the sole question of the sufficiency or insufficiency of said notice in point of time."

KRS 92.420 provides that property subject to taxation in fourth-class cities shall be assessed as of April 1 each year. Subsection (1) (c) of KRS 92.590 provides that taxes in fourth-class cities become due and payable on July 1, and subsection (6) of that section provides that they become delinquent on November 1, if not paid by that date.

The city contends that the notice served on Mrs. Owens on December 26, 1951, and the newspaper notice of January 4, 1952, constituted sufficient notice under the second sentence of subsection (1) of KRS 92.-510. Be that as it may, we think the trial court properly disposed of the case. It must be borne in mind that the sole question presented for consideration under the stipulation was "the sufficiency or insufficiency of said notice in point of time." It can be seen from the foregoing statutes that the first notice served on Mrs. Owens set a date for a hearing on the proposed increase in the assessment of her real estate some eight months after the date for the meetings of the supervisors. Her taxes had been due some six months and had been delinquent for considerably more than a month. From the point of view of time,

we think the trial judge properly held that the notices to Mrs. Owens did not constitute legal notice.

Judgment affirmed.